United States v. Charles, Mr. Wu. Good morning. Good morning, your honor. May it please the court, Jason Wu on behalf of the United States. With me at council table is AUSA Elena Smuckler, who prosecuted this case in the district court. A district court cannot sentence a defendant above a statutory maximum. And so it follows that a district court cannot exchange an above maximum term of supervised release for a lower prison term that the defendant prefers. Yet that's exactly what happened in this case. And because that error infected the entire sentence, the only way to fix it is to start over with a full de novo resentencing. Now, I don't want to reiterate the points in the briefs because I think we've very thoroughly covered these issues, but maybe let me just point out three things this morning to help guide the court's deliberations. The first one is how much in this case is uncontested between the parties. The parties do not contest that the supervised Mr. Charles to contest that he received a 15-year term of supervised release from the judge. And the final thing that neither of us contest, and I think this is maybe the most important fact in the case, is that the district court said on the record, both at the sentencing hearing and then even in a footnote in the judgment, that he was explicitly tying the lower 45-year prison term that he imposed to the defendant's stipulation or willingness to accept an above maximum term of supervised release. That's pretty much this entire case in a nutshell. Do you think it would be different in terms of the sentence package doctrine if he hadn't tied those two things together? It would certainly be a closer call, Judge Grant, but in other cases with the sentencing package doctrine, I think what this court usually says is if the court is unsure how the district court would have combined the package together with the change in information, then you still get a full de novo resentencing of both components of the sentence. So I think it's the only time you don't do a sentence package full remand is when it's very apparent on the face of the record that the other components of the sentence would not have changed. Is it really a sentencing package doctrine case, though? I thought that that was something that pertained to multi-count indictments. No, Your Honor. I think that's the most common example of how the doctrine is deployed, but I think it stretches broader than that. So if you look at Pepper v. United States, in that case, the Supreme Court discusses the concept of sentencing package doctrine, right? It says oftentimes when you reverse a sentence or change one component of that sentence, it makes sense that you want the district court to have the option of changing other components since they are all interrelated. And by the way, very importantly, Pepper is a one count of conviction criminal case. It is one count of conspiracy to distribute methamphetamine, and yet the Supreme Court saw fit to discuss the concept of package in relation to that case. Whatever you call it, though, you agree that it's discretionary. In other words, we have the discretion to craft the remedy. That's both by statute and seems to be by case law. Is that right? I agree with that, Judge Luck. And the reason you should exercise that discretion in this case, of course, is that this district court expressly told you, essentially, I'm making an error, sentencing a defendant above the statutory maximum on one component, and I am giving him a benefit in exchange for that error. So the metaphor I just used in the Rule 28J that we filed yesterday is if you exchange illegal drugs for legal money, the whole deal is corrupt, right? It doesn't matter that one half of the deal involved a legal concept or a legal item. That's kind of what happened here. There was an illegal part of the sentence, the above maximum supervisor lease term, exchanged for what is independently a lawful 45-year term of imprisonment. But because of the exchange, that taints or infects the entire sentence package. And that's why we would ask you to exercise that discretion. There's a law called Zedner where the Supreme Court held the defendant cannot prospectively waive the Speedy Trial Act because the act was designed with the public interest firmly in mind. Do you think that this statute and others that have a maximum term of supervised release or other maximum penalties also have a public interest perspective, or is it just a limitation on the court's authority? It sounds like both, Judge Grant. Certainly, it has a public interest in terms of, I think, cabining the discretion of district courts. We don't want courts to have unlimited discretion. I mean, I think the way it works, right, is that more minor crimes have lower statutory maxes. We don't want a court just because they have a particular hatred or feeling toward a particular type of case to be able to go above a certain punishment. That's why Congress more or less creates a gradation of penalties for different crimes. So I think it incorporates both. It's supposed to be a limitation on district court's discretion, and it serves the public interest in sort of somewhat creating a uniformity of penalties among defendants of similar culpability. Do you think this is jurisdictional, or does it just go to authority? I know the word jurisdiction gets thrown around a lot, but it seems to me that it doesn't affect subject matter jurisdiction. It just goes to authority to be able to do an act or not. In other words, did Congress authorize you to do X? You're only allowed to do between Y and X, and you can't go above or beyond X, right? Completely agreed. I think it's almost equal. It's not quite as fundamental as jurisdiction, true subject matter jurisdiction, but it's very close. It's a similar limit. It's a similar limit, exactly. The district court is an inferior court as we are, and when Congress creates our courts, it can also place limits on our authority. But it's not jurisdictional, but it is a boundary that Congress imposes on us that's as fundamental, perhaps, as a jurisdictional boundary. That's correct, Your Honor. And I analogize it to something like the burden of proof in a criminal case. You have to. The reason I ask is because if we call it jurisdictional, that has implications beyond this case, right? If it's jurisdictional, then certain time limits may not apply. Certain barriers may not apply. The time in which a claim can be brought is different. In other words, it could be brought in different procedural contexts. Should we be careful by labeling something jurisdictional for that reason and just limit it to authority? Certainly, Your Honor, and I think the Supreme Court over the past 20 years has cautioned all courts and parties to be very careful about how they use the word jurisdiction. I don't think you should call this jurisdictional. It's an issue of authority, statutory authority. Yeah, the power of the court. Precisely. What about his right to waive it? If it's not jurisdictional, then does he have a right to waive the limit? No, Your Honor, for two reasons. So the first reason, conceptually, is that the statutory maximum is not a personal right of the defendant. Normally, when we think about things that a defendant can waive, those are his personal rights, such as the right to a jury trial, right to counsel, right to confront witnesses, et cetera. This is a limitation on the court's authority, so that's not something that a party can waive. The second point is that I think this almost entirely decided implicitly by this court's Bouchard decision. So Bouchard essentially says that when a defendant enters a plea agreement, they cannot agree to waive a sentence above the statutory maximum. That's one of the limitations that's placed on appellate waivers in Bouchard. So when you think about it, a defendant cannot waive a statutory maximum in writing after a full opportunity to consult with counsel, after a robust Rule 11 colloquy in front of the district judge that ensures his waiver is knowing and voluntary. And yet, the position of Mr. Charles in this case is that he could have done that, or he did do it, in his view, orally at the sentencing hearing, with a very limited ability to consult with counsel, and with no full Rule 11 colloquy. That really doesn't hang together. So in our view, Bouchard essentially decides that this is an unwaivable limit on the district court's discretion. So one of the other issues that we haven't raised, but your opposing counsel has in brief, is that the government needs to preserve what I'll call the sentencing package, doctor, and I'm not sure that's the right word for it here. But whatever the remedy that you are seeking, the government needs to preserve. In other words, the government needed to have said, not only, hey, judge, this sentence is illegal, but this sentence is illegal, and we wish for you to rejigger the whole thing, reconnect the whole thing, because one is dependent on the other. Is that right? Does that need to be preserved in the same way that the illegality part of the preserved? No, your honor. And I think in Jones, the way Jones says it is the party that's objecting needs to state the grounds for its objection. In other words, it needs to identify the error that it's trying to help the district court avoid. The issue of appellate remedy is an entirely separate concept. And quite frankly, I don't think parties ever talk about their appellate remedies when they're in district court. So the example we use in our brief, in a trial, when a defendant objects to hearsay. They don't say, judge, objection, hearsay, rule 802. And by the way, I'm going to seek a new trial when I appeal you on this claim. Or at least I don't think that would be well received by a lot of the district judges. Or it will be an abuse of discretion if you admit this evidence. Right, exactly. These concepts like... Even that it'll be a substantively unreasonable sentence. I think sometimes people get confused about that. But substantive unreasonableness is really for us to decide. Correct, exactly. So all these concepts that are really creatures of appellate law are not things that you need to insert or inject into your district court objections. Because the point is to try to give the district court a chance if they recognize the merits of your objection to course correct and change their mind. And so that's exactly what counsel did here at docket entry 55, pages 38 to 39. She said, your honor, we are concerned you are tying the sentence of imprisonment to an above maximum term of supervised release. So she tried to give the district judge one last chance to reverse course and impose a lawful sentence package. But because the district court failed to take advantage of that opportunity, we respectfully ask that this court reverse and remand for a full de novo resentencing. Thank you very much. Thank you, Mr. Wu. Mr. Lopez. Good morning, Mr. Chief Judge. Always a pleasure. Joining me at council table today is Mr. Daniel Karius, who was the trial attorney in the district court. You know, I want to thank my friend for making one argument that is clear. I don't think it was clear in the brief, but what the government is seeking here is a second bite at the apple. They want to go back to the district court and get a second bite at the apple, making an argument that the district court already rejected. That is, Mr. Charles should get a lifetime of imprisonment. The problem with that is, is that it did not follow the strict rules required by this court in raising that argument in its initial brief. So it is essentially getting this court to vacate the sentence of imprisonment without ever making the argument that the district court somehow abused its discretion in imposing. I understand their argument. Their argument is we want the right to ask the district court to enter a legal sentence. It entered a sentence that is illegal and you can't unpackage it. It's an entire sentence, a package of sanctions to punish the defendant for a single crime, single offense, and the sentence the district court entered the package of sanctions that entered is illegal. The term of supervised release, Your Honor, would be legal and I don't think this court and the government has never cited a case in which this court has ever applied the sentencing package doctrine as it is asking you to do it here with a term of imprisonment and a term of supervised release. Does it make a difference that the district court tied the two together? No, Your Honor. Why not? Because this court has, and I would go back to the Umbach decision in this court in Iree, when you're seeking to vacate a term of imprisonment, this court still has a review of the district court has wide discretion. This court still has a limited review on that. But this court set out in Iree, a district court abuses the discretion one of three different places. Failing to afford consideration of relevant factors that would do significant weight. Number two, giving significant weight to an improper or relevant factor or number three, committing a clear error of judgment and considering the proper factor or I think weighing it unreasonably. And then the court went on to say, we will vacate a sentence if and only if, and that's fairly strong language, that we are left with a definite. That's not a statutory maximum case, is it? I'm sorry? Iree, what you're describing there and the factors that we described there, that's not a statutory max case, right? That's a case about . . . That's an unreasonable case. Yeah, that's an above guideline sentence or below. Actually, it was a below guideline sentence. Right. It was similar to here. I mean, the guidelines were there 30 years because of the statutory maximum and the district court lowered that to, I believe, under 20 years. And in fact, there was almost like a similar . . . I wonder if it was like 50 or something. The term of imprisonment and the term of supervised release, in fact, on page 1210 of that opinion . . . But it wasn't an illegal sentence in the sense that it was above a statutory max, right? The term of imprisonment was not above the statutory maximum, no, sir. Right. Counsel, it seems to me that this is very different than the Iree situation. In other words, here, there is an error. I don't think it can be disputed. I know you have some preservation arguments and invited error, but assume for me that the supervised release portion is error. The second question goes to what do we do with that? And you're certainly right that we haven't had a situation where we have remanded the entire sentence, but we certainly have the authority to do so, don't we? Not the way the government made their arguments, Your Honor. That's what I'm having trouble saying. Show me exactly where you think in their initial brief they didn't preserve the argument of, A, number one, there is a portion of the sentence, a part of the sentence by statute. That's how it's defined. That's illegal. And two, because a part is illegal, we ask you as part of your remedy to remand the entire thing for resentencing. Isn't that exactly what their argument is? Certainly. And if all this court was going to do was remand and tell the district court, you've imposed a 15-year term of supervised release. That's illegal. You can only impose a term up to five years. If that's all the court was going to do, correct that illegal sentence. I know, but you're getting far. I understand you wouldn't object to that. That would be fine for you. But my question is, didn't they preserve the argument, hey, judges, panel, we would like for you to remand for a full resentencing? And two, don't we have the authority to do that? Now, whether we should or shouldn't is a separate question, but don't we have the authority to do that? I think under I.R.E., you do not have the authority to do that, Your Honor. If the government has not specifically argued, this is how the district court abuses discretion in imposing a 45-year sentence. Let me ask it this way. Imagine the illegality was flipped. So you had a 30-year sentence and a five-year supervised release sentence. The 30-year was above the statutory maximum under the hypothetical I gave you. They've come to us and said, Judge, there's an illegal portion of the sentence. It's over the statutory maximum. We'd like for you to remand the whole thing for resentencing. Wouldn't that, A, preserve that very argument? And, B, wouldn't we have the authority to be able to send it back for an entire resentencing under that case? My only answer to that would be that this court has very strict rules on how to raise arguments before this court when you're challenging a term of imprisonment. In fact, I went back and I looked at, since Campbell, just since Campbell, this court has approximately 25 times held that a criminal defendant, some of them even pro se, has forfeited that argument that was not raised in the initial brief. Right, but this is a procedural. I think that's what takes it out of I.R.E. I.R.E. is a substantive reasonableness. In fact, that's the whole reason the court took it on bonk is to find the scope of substantive reasonableness. This is, if we're putting it in a box, is a procedural reasonableness case. In other words, the district court violated the procedure by sentencing above and beyond the statutory maximum. It violated the statute in the same way that if the district court didn't consider the PSI as it's required to do under Rule 32, or if the district court didn't hold a sentencing hearing and just entered judgment. All of those would be procedural reasonableness issues, not substantive. And that takes, that is completely different from I.R.E., isn't it? You know, so respectfully, I would argue that it doesn't I think the best argument that the government can come up with the problem with the term of imprisonment is that maybe under number two in I.R.E. that somehow the district court considered an improper factor that is an extra long term of imprisonment. Under I.R.E., that is a substantive error in the term of imprisonment. I just don't buy that this is a reasonableness case. This is something, as I understand the argument, the way it was argued just a moment ago, this is beyond the statutory authority of a district court to impose. The term of supervised release. Ever. This isn't, oh, in some cases, you can enter it. In some cases, you can. Weighing all the sentencing factors. Having broad discretion. That's what reasonableness is about. That's not what this is about. This is, this is about the statutory authority of the district court to impose this sentence at all. And I don't think this has anything to do with I.R.E. And I would fully agree with the court if the statutory maximum for the term of imprisonment had been exceeded. It wasn't. The district court carefully weighed the 3553A factors. It was, you know, concerned by the age of the defendant. And what's your best authority for the notion? Look, the supreme court did say, as Mr. Wu mentioned a moment ago, and Pepper, that a criminal sentence is a package of sanctions that the district court utilizes to effectuate its sentencing intent. Right? So, and the court says, the supreme court says, because a district court's original sentencing intent may be undermined by altering one portion of the calculus, an appellate court may vacate the entire sentence so that on remand, the trial court can reconfigure the sentencing plan to satisfy the sentencing factors. How, how is it that we don't have the in this case to send this back with, when it plainly has an illegal component? I would, two points really quickly. This court has never held that a sentencing package doctrine would apply to both the term of imprisonment and the sentence, the term of supervised release. Is he right though that Pepper is a single count indictment? And, and the, and the quote I just from the supreme court refers to it as a package of sanctions. If this court were going to do that, it would have done it in Iree, because Iree was a single count indictment. It was clear from the record. That's your best case, Iree. Absolutely. En banc decision in Iree, because there, there was also a tie in, the term of supervised release was also tied into the term of imprisonment. This court vacated the term of imprisonment. If there was in fact this sentencing package doctrine that will apply with both a set term of imprisonment and the term of supervised release in Iree, this court would have then said, based on the sentencing package doctrine, the district court can now rethink what it's going to impose as the term of supervised release. It didn't. All it did was it vacated the term of imprisonment, remanded it back to the district court. In fact, the district court imposed the 30 year sentence on term of imprisonment. We ordered the district court. That's correct. And then maintain the lifetime. The guideline range would have been life imprisonment. This, this was a notorious international child rapist and child pornographer who, who was given a 15 year sentence for unimaginable crimes. And we said that the only reasonable sentence, given the statutory max of 30 years, was in fact 30 years and ordered the district court to impose it. Right. The only reasonable term of imprisonment, this court never mentioned the term of supervised release, even though the record makes clear that the term of imprisonment was tied to the term of supervised release and never vacated the term of supervised release. And in fact, on remand, the district court imposed the 30 year sentence as instructed by this court for the term of imprisonment, and then reentered the term of supervised release. That was a lifetime. Did anyone, did anyone ask for us to look at the term of supervised release? No, but my point was that if the court, if this court was going to treat the term of imprisonment and the term of supervised release as one package, it would have done it. I think the point is that we don't have to, but that we have the authority to do so when a party requests it and the record supports that the district court did look at the sentence, sentence as a package. Why, why wouldn't we have the authority to, but not a mandate to? Uh, again, this court has never applied the sentencing package doctrine to the term of imprisonment. But that doesn't answer the question of whether we can. I understand that we haven't, um, according to you, but, but we haven't also said we can't, right? Right. That's, I guess that's the question. And I'll just add, if we go to section 2106, uh, 28 USC 2106, that's the authority, that's the statute that allows us to do, to remand there broadly, we can affirm, modify, vacate, or set aside reverse any judgment decree or order of the court lawfully brought to us for review and may remand the cause and direct entry of such judgment decree or order, or requires such further proceeding as to be had as maybe just under the circumstances. How is that a limitation on that? We can only do one slice, but not the other slice. Well, no, my argument would be, it has never done that before to the extent that you say is the court authorized. I think the court certainly would be authorized if the government had made a proper argument regarding the term of imprisonment and argued to this court as to why that was an abuse of discretion. No, what they, what they, sorry. I want to make sure I, yours, I understand that you say that they didn't preserve the objection properly below, but tell me why on pages one and two, this isn't exactly what they're arguing, which is therefore this court should vacate Charles's illegal sentence package, both his prison term and his supervised release which are tied together by the district courts expressed description at the sentencing hearing and in the judgment. How, what, and I, I read their brief as then supporting and making arguments about that request. How is that not enough to preserve, to, to properly raise what they're asking us to do here? They never make the argument, your honor, respectfully again, they never make the argument that the district court somehow abused its discretion in opposing the 45 year terms of imprisonment. In fact, they, they never even cite Iree in their initial brief, which is a seminal case on that. And so this court just has some very strict rules. You know, there are some cases even where a pro se defendant and there's an unpublished decision, but there, there's a, there's a case where a pro se defendant listed an argument in the, in the issue statement and just never really fully ferreted it out in the argument section and then made a full argument in the reply brief. And this court said, that's not good enough. Counselor, if the argument is that, and I, Judge Grant just read it to you. If the argument is that you have the authority to re-sentence and we are telling you, you should in this case, because they're tied together by the district court to re-sentence as part of the package. How is that not invoking the authority that you even admit we may possibly have? Your Honor, my argument would be that this court has never vacated a term of imprisonment, certainly following Iree, in which the appellant or the government has, has failed to argue that there was a, an abuse of discretion by the district court in imposing that terms of imprisonment. I see my time is almost up, but that, that, that is our main argument. So, you know, just kind of like to um, paraphrase the dissenters in, in Campbell. I don't think this court should step in and assist the government in their failure to properly raise the issue before the court. They're seeking a second bite at the apple, uh, to make an argument that was already rejected by the district court without ever making the argument that the district court somehow abused its discretion in imposing a 45-year term. I would thank the court for its time. Thank you, Mr. Lopez. Um, thank you, Your Honor. It sounds like the court understands the case pretty well. So let me just make two really quick points. I think the first point is a lot of the discussion between you and my friend on the other side essentially amounts to the fact that Mr. Charles is faulting us for failing to preserve a claim that we are not raising. So I think all we want is for the court to decide the claim that Judge Grant read from our initial brief. It is that the package is illegal because half of it is above the statutory maximum. You don't want us to, to, to order the district court to impose a certain sentence, uh, nor, nor are you claiming that you have a right to get the sentence that you originally requested. This is only your, you want us to correct what is an illegal sentence and vacate and remand for resentencing. Exactly. And all the district judge will have is a fair opportunity to reconsider now knowing that there is a limit, a five-year cap on supervised release. Um, the second point I want to make, do you agree that he could give, it would not be unreasonable for him to give the exact same sentence, but with a five-year as opposed to a 15-year supervised release? Almost certainly with the caveat that it depends of course on how the district court describes the sentence. Then if the district court does rely on an improper factor, for instance, that the district court said, you know what, I'm still crediting Mr. Charles for his willingness to take 15 years of supervised release. The government sort of stole that opportunity from him. So I'm going to punish the government by imposing the same sentence. We might have a problem with that and that would be up to the solicitor general to decide whether to appeal that. But short of something like that, I agree if the district judge just spoke purely about 3553A factors, permissible like concepts, uh, that would be almost certainly substantively reasonable. Um, so the second quick point I want to make is this rule that we're advocating for today actually benefits defendants. It is good for defendants that the statutory maximum be an absolute inviolable cap on district court's authority. You could imagine many scenarios in which if this is possible, that a district court could induce a defendant to waive a statutory maximum, it could end up hurting a lot of defendants. And one example could be mother and son get sentenced for a conspiracy crime. Mother goes first at sentencing. The district court says, you know, you claim that you're responsible. Your son is, you know, barely did anything. Why don't you prove it to me by taking a sentence above the statutory maximum? And then I'll consider granting some mercy to your son, giving him time served, right? There's all kinds of mischief that could happen if that were allowed to be possible. And Congress has not made that possible by setting these firm limits on court statutory authority. And so for those reasons, we urge the court to reverse and remand for a full denial of resentencing. Thank you. Thank you, Mr. Wu. We have your case. Uh, we're gonna move to the next one.